■ WALTER MONKS, Appellant, v. JOSEPH MANCH, as Superintendent of Schools of the City of Buffalo, et al., Respondents.— Judgment and order unanimously modified, without costs, to permit appellant to serve an amended petition, within 20-days after date of order to be entered hereon, containing allegations showing compliance with subdivision 1 of section 2562 of the Education Law. Memorandum: In this article 78 proceeding petitioner sought a recomputation of his result and standing with respect to a competitive civil service examination for assistant principal, claiming that a portion of the examination was contrary to law and conducted in an arbitrary, capricious and discriminatory manner. The petition was dismissed for failure to comply with subdivision 1 of section 2562 of the Education Law which provides in part: "1. No action or special proceeding, for any cause whatever shall be prosecuted or maintained against a board of education * * * unless it shall appear by and as an allegation in the complaint * * * that at least thirty days have elapsed since the demand, claim or claims upon which such action or special proceeding is founded were presented to the said board of education for adjustment, and that the officer or body having power to adjust or pay said claim has neglected or refused to make an adjustment or payment thereof for thirty days after said presentation." While this section requires a demand and 30-day waiting period, it is silent as to the form or contents of the demand. Since the statute does not specifically require that it be presented in writing, an oral demand would suffice. Petitioner should be given an opportunity to amend the petition to allege an oral demand. (Appeal from judgment and order of Erie Special Term dismissing petition.) Present — Goldman, P. J., Marsh, Gabrielli, Moule and Bastow, JJ.

■ VITO S. LENOCI, Appellant, v. JOSEPH MANCH, as Superintendent of Schools of the City of Buffalo, et al., Respondents.— Judgment and order unanimously modified, without costs, to permit appellant to serve an amended petition, within 20 days after date of order to be entered hereon, containing allegations showing compliance with subdivision 1 of section 2562 of the Education Law. Same memorandum as in *Monks* v. *Manch* (33 A D 2d 989). (Appeal from judgment and order of Erie Special Term dismissing petition.) Present — Goldman, P. J., Marsh, Gabrielli, Moule and Bastow, JJ.

■ In the Matter of IRVING BERZON et al., Appellants, v. HARRY R. JONES et al., Constituting the Town Board of the Town of Amherst, et al., Respondents. — Order unanimously reversed and determination annulled, with costs to appellants. Memorandum: The resolution adopted by respondent Town Board approving the application of one Mrs. Tiburzi to operate a beauty parlor in her home was in violation of the provisions of the Town Zoning Law. The home was situated in an R-3 District where a " home occupation," as defined in article IV of the law, was permitted subject to approval by the Town Board, after a public hearing (§ 56–57). Such " home occupation " was defined (art. IV, par. 22) as one of secondary importance to that of use as a residence " and not specifically listed elsewhere as a principal permitted use ". Elsewhere in the ordinance (§ 56–83) operation of a beauty salon was one of the permitted uses in a B-2 Neighborhood Business District. It follows that the board was without statutory authority to approve the application. There is no merit to the contention of respondents that the drafter of the ordinance envisioned a distinction between a " beauty shop " and a " beauty salon." The two phrases, together with " beauty parlor," are used indiscriminately to describe one and the same establishment. Indeed, in processing the application herein the two appellations were used interchangeably. (Appeal from order of Erie Special Term denying application to annul determination of Town Board.) Present — Goldman, P. J., Marsh, Gabrielli, Moule and Bastow, JJ.