OPINION OF THE COURT
Michael J. Dontzin, J.
The defendant, Board of Education of the City of New York, moves to dismiss the complaint on the grounds that the plaintiff has failed to comply with section 3813 of the Education Law. The plaintiff, Public Improvements, Inc., opposes the motion and cross-moves for an order deeming the verified notice of claim filed with the defendant on May 3, 1974, to be filed nunc pro tune, as of the date within three months of the accrual of plaintiff’s claim, and for leave to serve upon the defendant an amended complaint to assert compliance with section 3813 of the Education Law.
The court has, in its discretion, granted leave to the law firms of Max E. Greenberg, Trayman, Cantor, Reiss & Blasky and M. Carl Levine, Morgulas and Foreman to intervene as amicus curiae, since the issues raised here are of vital concern to many contractors who deal with the City of New York and to members of the Bar involved in construction contract law.
The motion to dismiss is one of the many spawned in the wake of the Appellate Division, Second Department’s recent decision in H & J Floor Covering v Board of Educ. (66 AD2d 588), which held that section 3813 of the Education Law was applicable to all contract actions brought on behalf of a claimant against the Board of Education of the City of New York. If that decision is controlling, then a claimant is required to file a written verified claim within three months after the accrual of the claim.
For the reasons set forth below it is not necessary for this court to decide whether section 3813 of the Education Law is applicable to this case. However, the court notes in passing, that H & J Floor Covering (supra) is not necessarily controlling, as it is implicitly in conflict with the holding of the Appellate Division, Fourth Department’s ruling in Monks v Manch (33 AD2d 989).
Apparently, for approximately 40 years both the Corporation Counsel of the City of New York and the members of the *715 Bar concerned with construction law had assumed that the notice provisions of section 2562 of the Education Law were controlling with respect to litigation involving the Board of Education of the City of New York.
Section 3813 of the Education Law provides in pertinent part as follows: "No action or special proceeding, for any cause whatever * * * shall be prosecuted or maintained against any school district, board of education * * * or any officer of a school district [or] board of education * * * unless it shall appear by and as an allegation in the complaint or necessary moving papers that a Written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district * * * within three months after the accrual of such claim, and that the officer or body having the power to adjust or pay said claim has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment.” (Education Law, § 3813, subd 1.)
Section 2562 of the Education Law provides in pertinent part: "No action or special proceeding, for any cause whatever, shall be prosecuted or maintained against a board of education * * * unless it shall appear by and as an allegation in the complaint or necessary moving papers that at least thirty days have elapsed since the demand, claim or claims upon which such action or special proceeding is founded were presented to the said board of education for adjustment”. (Education Law, § 2562, subd 1.)
Under the cases preceding H & J Floor Covering (supra), a party was permitted to maintain an action if it was alleged in the complaint that 30 days had elapsed, since the demand or claim, upon which this action was based had been made; that the matter had not been adjusted; and that the normal Statute of Limitations (six years) had not run. The parties of course could be bound, contractually, by a shorter period of limitations, and this as a matter of practice occurred. So that the standard form contract which existed here, provided: "The contractor, however, shall not be barred from commencing an action for breach of contract under this provision provided that a detailed and verified statement of claim is served upon the contracting agency and the Comptroller not later than forty days after the mailing of such payment.”
It is clear to this court that the defendant is estopped from invoking the provisions of section 3813 of the Education Law *716 as a defense in this action in accordance with H & J Floor Covering (66 AD2d 588, supra).
Until February 19, 1976, the doctrine of estoppel had not been sanctioned by our highest court in "Notice of Claim” situations. On that date, the Court of Appeals applied the doctrine of estoppel to "Notice of Claim” under section 50-e of the General Municipal Law (Bender v New York City Health & Hosps. Corp., 38 NY2d 662).
In Bender, Judge Wachtler, writing for a unanimous bench stated (p 668): "We believe that where a governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his position to his detriment or prejudice, that subdivision should be estopped from asserting a right or defense which it otherwise could have raised. (See, generally, Applicability of doctrine of estoppel against government and its governmental agencies, Ann., 1 ALR2d 338; 2 Antieau, Municipal Corporations, § 16A.22; cf. La Porto v Village of Philmont, 39 NY2d 7.) The equitable bar to a defense may arise by virtue of positive acts, or omissions where there was a duty to act. By applying the doctrine of equitable estoppel to notice of claim situations, the courts may insure that statutes like section 50-e of the General Municipal Law, do not become 'a trap to catch the unwary or the ignorant’ (see Sweeney v City of New York, 225 NY 271, 273).”
The court then proceeded to indicate that the appropriate remedy would be to proceed by way of an application to file a notice of claim nunc pro tune. This is precisely the application before us. Although Bender applied to section 50-e notice of claim situations, the same rationale is involved under the requirements of section 3813 of the Education Law. Both require timely notice to the municipality in order to permit a timely investigation of the facts and circumstances underlying the claim.
An estoppel against a governmental agency is only to be applied under exceptional circumstances. A municipality may be estopped by its misleading nonfeasance, if there would otherwise be a manifest injustice (Matter of 1555 Boston Rd. Corp. v Finance Admin, of City of N. Y., 61 AD2d 187). "A municipal corporation acting in a corporate or proprietary capacity, as distinguished from a governmental capacity, may be estopped by the authorized representations and conduct of its officers and agents the same as any other corporation. It *717 may be estopped in the exercise of its contractual powers. A city having received the benefit of the services rendered by a party under the terms of a contract it may not, any more than an individual, enrich itself through misrepresentations. For example, the general principles with reference to estoppel by acquiescence or inconsistent position have been applied so as to invoke estoppel against a municipality”. (21 NY Jur, Estoppel, Ratification, and Waiver, § 79, quoted in Matter of Di Giacomo v City of New York, 58 AD2d 347, at pp 355-356, n 4.)
As was stated in Eden v Board of Trustees of State Univ. of N. Y. (49 AD2d 277, at p 284): "Estoppel against the State is to be applied only in truly exceptional cases, involving, as it often does, an intrusion, pro tanto, by the judiciary, into the prerogatives of other branches of the government. But no branch is entirely immune from scrutiny. The courts must weigh the degree of manifest injustice against the effect, in the particular case, of intervention into the public processes”.
The defendant has for almost 40 years acquiesced to the construction industry’s noncompliance with section 3813 of the Education Law no doubt out of the belief that the statute was not applicable. Moreover, incorporated in defendant’s contracts is a 40-day notice provision, previously referred to which is similar in nature to the requirements of section 3813 of the Education Law. It can be reasonably and persuasively argued that the inclusion of such a contract provision not only provided defendant with the necessary notice but it also served to mislead persons, similarly situated as plaintiffs, to believe that section 3813 of the Education Law was inapplicable as surplusage.
Finally, there is no requirement that there be an intent to deceive on part of the party sought to be estopped. The doctrine will be applied to prevent a party from gaining an unconscionable advantage and it is immaterial that the party intended no wrong. (Robinson v City of New York, 24 AD2d 260, 263.) It is clear that the defendant has in no way been prejudiced by the failure of the plaintiff to comply with section 3813 of the Education Law and indeed, no such claim has been asserted by the defendant.
In summary, the court is of the opinion that the defendant is estopped from asserting section 3813 of the Education Law as a bar because: (1) the defendants by their course of conduct by previously failing to assert section 3813 of the Education *718 Law as a bar to other proceedings, and by incorporating other notice provisions in their contracts have misled the plaintiff; (2) the injustice to the plaintiff which would result from permitting defendant to assert section 3813 of the Education Law as a bar, far outweighs the minor effects upon public interest or policy which may result from invoking estoppel; and (3) the precedent set by allowing estoppel in this case is not likely to recur and in all likelihood, would be limited to all claims arising prior to the decision in H & J Floor Covering (66 AD2d 588, supra).
Accordingly, and for the reasons set forth, the motion to dismiss is denied and the plaintiff’s cross motion is granted in all respects.