■ PUBLIC IMPROVEMENTS, INC., Respondent, v BOARD OF EDUCATION OF THE CITY OF NEW YORK (P. S. 72, BRONX), Appellant. — Order, Supreme Court, New York County, entered April 30, 1980, which denied the motion of defendant-appellant, the Board of Education of the City of New York (the Board), to dismiss the complaint of plaintiff-respondent Public Improvements, Inc. (PI), for failure to comply with subdivision 1 of section 3813 of the Education Law and granted PI's cross motion to have a verified notice of claim deemed filed *nunc pro tunc* as of a date within three months of the accrual of PI's claim and for leave to serve an amended complaint pleading compliance with section 3813, unanimously reversed, on the law, with costs,

plaintiff-respondent's cross motion denied, defendant-appellant's motion granted, and complaint dismissed. PI entered into a contract for the performance of certain electrical work at Public School 72 in The Bronx. The Board allegedly directed it to perform work in addition to that required by the contract. PI performed the work "under protest", reserving the right to make a claim against the Board for additional compensation. It submitted a "substantial completion statement" on November 12, 1973, certifying that all work had been completed on the contract, effective that date. A "final payment certificate" was approved by the Board on January 16, 1974 and final payment was made on February 8, 1974. Almost six months after its substantial completion statement certified completion of the work and almost four months after the issuance of the final payment certificate, PI presented the Board with its verified notice of claim for extra work performed under protest and for damages allegedly incurred because of delays occasioned by the Board. It commenced this action on February 10, 1975. The pleadings alleged that PI had presented notice of claim more than 30 days prior to the commencement of suit, as required by both sections 2562 and 3813 of the Education Law, but did not allege that such notice of claim was presented within three months after the accrual of the claim, pursuant to section 3813 of the Education Law. The Board moved to dismiss PI's complaint for noncompliance with section 3813, asserting that PI's damages were ascertainable (and therefore the claim had accrued) by November 12, 1973, when it had submitted its substantial completion statement and that the notice of claim presented May 3, 1974 was untimely. PI contended that the notice of claim had been timely filed, as it had actually not substantially completed its work on November 12, 1973, but that the statement of substantial completion was made "merely for payment purposes", thus contradicting its own verified statement. It further urged, in a cross motion, that the court should deem the notice of claim to have been filed *nunc pro tunc* within the prescribed period, because the Board's failure to raise section 3813 as a defense to untimely claims in previous lawsuits over the years had led construction contractors in New York City to believe the section did not apply to litigation against the Board. Special Term denied the Board's motion to dismiss and granted PI's cross motion to have its notice of claim deemed timely. The court noted the February, 1979 decision of the Second Department in *H & J Floor Covering v Board of Educ.* (66 AD2d 588), holding that section 3813 of the Education Law was applicable to all contract actions brought on behalf of the claimant against the Board of Education of the City of New York but found it unnecessary to decide whether section 3813 was applicable to this matter, as it held the defendant to be estopped from invoking section 3813 as a defense to the action. It found that the defendant's "almost 40 years" acquiesence in the New York City construction industry's noncompliance with section 3813 and the 40-day notice provision incorporated in its contracts misled plaintiff into believing that section 3813 was inapplicable and consequently estopped defendant from asserting the section as a bar. The Court of Appeals, subsequent to Special Term's decision, held, in a similar case, *Crescent Elec. Installation Corp. v Board of Educ.* (50 NY2d 780), that claims against the Board of Education of the City of New York asserted by a construction contractor must satisfy the requirements of both section 2562 and subdivision 1 of section 3813 of the Education Law; that the provisions of sections 3813 and 2562 are complementary, not inconsistent or incongruous; and that there is nothing in the operative provisions of either statute which forecloses application of the other. Appellant Crescent had initially sought reversal on

substantially the same grounds as PI, i.e., estoppel and waiver, based on the Board's same 40-year practice of nonreliance on section 3813 and on its form contract specifying a particularized procedure for service notices and claims. Crescent, however, expressly withdrew all reliance on those arguments and relied only on its contention that section 3813 was inapplicable, so that the Court of Appeals addressed only the question of statutory interpretation. *Martin Mechanical Corp. v Board of Educ.* (NYLJ, April 19, 1979, p 10, col 2) was another similar case in which substantially the same arguments were made by that plaintiff, which was unanimously affirmed without opinion by this court on September 11, 1980 (78 AD2d 592, mot for lv to app den 52 NY2d 704). In *Martin,* the court granted the Board's motion to dismiss, holding that it could not hold the Board estopped from relying on section 3813 as the section is a condition precedent to maintaining the action and the 40-day contract provision does not replace a statutory requirement or condition precedent. Notice of claim provisions are enacted primarily for the benefit of the governmental agencies to which they apply and ordinarily may not be waived by their officials, most certainly not in advance of litigation *(Salesian Soc. v Village of Ellenville,* 41 NY2d 521, 524). "It may be stated as a general proposition that public policy would be offended if a municipality purports, no matter how 'inadvertently', to waive notice of claim requirement for an indisputably stale cause of action" *(Salesian Soc. v Village of Ellenville, supra,* p 526). "Where the Legislature has decreed that, as a prerequisite to sue, a particular form of notice shall be conveyed with particular details to particular public officers, the courts lack the power to substitute something else." *(Camarella v East Irondequoit Cent. School Bd.,* 34 NY2d 139, 142.) "Although technical defenses in abatement are not favored where prejudice has not resulted, courts may not relieve a litigant of a positive statutory mandate, even to avoid a harsh result *(Munroe* v. *Booth,* 305 N.Y. 426, 428). The controlling statute [§ 3813] distinguishes between an action and the filing of a claim, and the filing is a precondition to the bringing of an action" *(P.J. Panzeca, Inc. v Board of Educ.,* 29 NY2d 508, 510). PI cited *Bender v New York City Health & Hosps. Corp.* (38 NY2d 662) in support of its contentions for the application of an estoppel. But there a special situation obtained, where the plaintiffs had filed timely notices of claim with the city instead of with the then newly created Health and Hospitals Corporation, and hearings and depositions were held without the Corporation Counsel informing claimant or counsel that the notices had been filed with the wrong agency. No such special or exceptional circumstances exist here, sufficient to estop the Board from asserting section 3813 of the Education Law as a bar. Concur — Ross, J.P., Carro, Lupiano, Silverman and Bloom, JJ. [103 Misc 2d 713.]