OPINION OF THE COURT
Alan D. Oshrin, J.
Ordered and adjudged that the petitioner’s CPLR article 78 proceeding to declare valid the petitions for a referendum to establish a ward system for election of members of the Town Council in the Town of Southampton, and to direct the Town of Southampton, the Southampton Town Clerk and the Suffolk County Board of Elections to place such referendum on the ballot is dismissed; and it is further ordered that the petitioner’s application to enjoin the Town of Southampton from acting, functioning, expending and collecting monies, entering and fulfilling contracts, appointing and functioning as a first class town has been withdrawn; and it is further ordered that the respondents’ CPLR 409 (b) and CPLR 3212 motion for summary judgment dismissing the petition is granted.
On August 30, 1996, a referendum petition was filed in the Town Clerk’s office of the Town of Southampton, which requested a ballot placement for a proposition as to whether Southampton should adopt a ward system of electing councilmen and councilwomen, pursuant to section 81 of the Town Law. Thereafter, objections as to the sufficiency of the petition and the signatures were also filed with the Town Clerk. After review, the Town Clerk rendered a written decision on October 11, 1996, which overruled the specific objections but, nevertheless, determined that the referendum could not be placed on the ballot because section 81 (2) of the Town Law only allows such a referendum in a town of the first class. The Clerk found that although the Town of Southampton had enacted a resolution in 1970, purporting to make the Town one of the first class, as the result of procedural defects or irregularities the status as a town of the first class could not be confirmed.
The Town Clerk inquired of and received written correspondence from the Department of State and the State Comptroller’s office, both advising that there was no proof in Albany of the change in status from a second class to a first class town. The Town Clerk reviewed the Town’s own records and the records of the newspapers of general circulation used by the Town in 1970. The Town Clerk found no proof that either the required "posting” or "publishing” ever took place. Addition *824 ally, the period within which the Town electors, if they chose, could file for a permissive referendum in 1970 never occurred. For these reasons the Town Clerk concluded that the proposition cannot be placed on the ballot until the issue of the classification of the Town of Southampton is resolved. The within proceeding ensued.
Section 12 (1) of the Town Law provides:
"Any town of the second class, including towns in Suffolk and Broome counties and the town of Ulster in Ulster county, having a population of five thousand or more as shown by the latest federal census or in which the assessed valuation of the taxable real property as shown by the latest completed assessment role exceeds ten million dollars or adjoining a city having a population of three hundred thousand or more as shown by the latest federal census, may become a town of the first class, by either of the following methods:
"(a) By the adoption by the town board of a resolution therefor, subject to a permissive referendum; or
"(b) By the adoption of a proposition therefor, by the affirmative vote of a majority of the qualified electors of the town voting thereon at a special or biennial town election, pursuant to subdivision three of section eighty-one of this chapter.”
Section 12 (2) (a) of the Town Law provides in pertinent part:
"If any such town shall determine, pursuant to the method specified in paragraph (a) of subdivision one of this section, to become a town of the first class, the town board shall cause certified copies of the resolution to be filed in the offices of the department of state and the department of audit and control.
"There shall also be filed therewith the affidavit of the town clerk that no petition requiring the submission to the qualified electors of the town of a proposition approving such resolution was filed with said town clerk, if such resolution was not so submitted.”
With respect to the procedure for resolutions of a town board subject to permissive referendum, section 90 of the Town Law provides in pertinent part: "Within ten days after the adoption by the town board of any resolution which is subject to a permissive referendum * * * the town clerk, in the same manner as provided for notice of a special election, shall post and publish a notice which shall set forth the date of the adoption of the resolution and contain an abstract of such act or resolution concisely stating the purpose and effect thereof. The notice shall specify that such resolution was adopted subject to a permissive referendum.”
*825 In support of his position the petitioner makes several arguments. First, that he was advised by the Town Clerk’s office prior to circulating the petitions that the Town of Southampton was a town of the first class. Second, that the filing of certified copies of the resolution with the Department of State and the Department of Audit and Control are ministerial acts which can be performed nunc pro tunc. Third, that the posting and publication can be performed now and treated nunc pro tunc. Fourth, that the Town of Southampton may make application to the County Legislature pursuant to section 227 of the County Law to legalize and validate past unauthorized acts of the Town. Fifth, that this is the first time in some 26 years that the Town of Southampton has questioned its status as a town of the first class. Sixth, that the Southampton Town Clerk exceeded her authority by using information beyond the face of the petition to reject the petition. Seventh, that after some 26 years of operating as a de facto town of the first class the Town of Southampton cannot now question that status and prevent the proposition being placed on the ballot. For the reasons discussed below, the court finds these arguments to be unpersuasive.
Where, as here, a town adopts a resolution subject to a permissive referendum to change its classification to a town of the first class, the failure to post and publish the resolution is a jurisdictional defect which prevents the town from attaining such status (1980 Opns St Comp No. 80-247; see generally, Matter of D’Addario v McNab, 32 NY2d 84 [1973]). As observed in the opinion of the State Comptroller, the "failure to post and publish prevented any Town taxpayer, so inclined, from circulating a petition to require that the question of classification change be submitted to voter approval” (1980 Opns St Comp No. 80-247). Publication and posting are definitive conditions precedent; jurisdictional acts which are vital to the inception of the electoral process (Matter of D’Addario v McNab, 32 NY2d 84, supra). The failure to post and publish, therefore, is not a ministerial act, which can be cured nunc pro tunc as the petitioner suggests.
Further, estoppel against a governmental body is to be applied only in truly exceptional cases involving, as it often does, an intrusion, pro tanto, by the judiciary, into the prerogatives of other branches of the government (see, Eden v Board of Trustees, 49 AD2d 277 [1975]; Public Improvements v Board of Educ., 103 Misc 2d 713 [1980], revd on other grounds 81 AD2d 537 [1981], affd 56 NY2d 850 [1982]). The courts must weigh *826 the degree of manifest injustice against the effect, in the particular case, of intervention into the public processes (see, Eden v Board of Trustees, 49 AD2d 277, supra; Public Improvements v Board of Educ., 103 Misc 2d 713, supra). In the case at bar although the petitioner may have been advised prior to circulating petitions that the Town of Southampton was a town of the first class there is nothing in the record to suggest that such misstatement was other than innocent. If the Town had been operating as a town of the first class for some 26 years, and for such period of time had no occasion to question or inquire into such status, it would follow naturally, that the Town Clerk’s office would advise that the Town of Southampton was a town of the first class. Additionally, in the case at bar there is no suggestion that at any time during the past 26 years the Town Clerk permitted a proposition or referendum to get on a ballot, which was permissible only for a town of the first class and, therefore, that the petitioner herein was treated differently. Under these circumstances the court finds no basis to intrude into the operation of Southampton Town government.
With respect to an application to the County Legislature pursuant to section 227 of the County Law to legalize and validate past unauthorized acts of the Town, including the adoption of the Town’s resolution (1981 Opns St Comp No. 81-69), the court observes that there is no requirement that the Town make such application nor can this court direct the Town to do so.
Section 81 (2) (b) of the Town Law provides that "[t]he town board may upon its own motion and shall upon a petition * * * cause to be submitted at a special or biennial town election, a proposition” "[i]n any town of the first class” "[t]o establish or abolish the ward system for the election of councilmen in towns having four or six councilmen”. Inasmuch as the vehicle of a proposition to establish or abolish a ward system is available only to a town of the first class, it was prudent of the Town Clerk of the Town of Southampton to not allow the proposition to be placed on a ballot until such time as the status as a town of the first class was confirmed or established. The court having found that the failure to post and publish the resolution subject to a permissive referendum is a jurisdictional defect which has prevented the Town of Southampton from attaining status as a town of the first class, there is no basis to direct the Town of Southampton, the Southampton Town Clerk and the Suffolk County Board of Elections to perform the meaningless act of placing the referendum, which would be a nullity if *827 adopted, on the ballot (see, Matter of Lynch v O’Leary, 166 Misc 567 [1938], citing Matter of Gordon v Hofmann, 247 App Div 819 [1936]; Matter of Lindgren, 198 App Div 319 [1921], appeal dismissed 232 NY 59 [1921]; Matter of McCabe v Voorhis, 243 NY 401 [1926]).
Accordingly, the CPLR article 78 proceeding is dismissed.