■ In the Matter of the Arbitration between BOARD OF EDUCATION OF CENTRAL SCHOOL DISTRICT No. 2, TOWNS OF HUNTINGTON, SUFFOLK COUNTY AND OYSTER BAY, NASSAU COUNTY, Respondent, and HANOVER INSURANCE COMPANY et al., Appellants.— In a proceeding by the Board of Education of Central School District No. 2 in Suffolk and Nassau Counties, to stay the proposed arbitration of disputes between the board and the general contractor (*Edward Corning Company*) and its surety (the Hanover Insurance Company), arising out of a contract between the board and the general contractor for the construction of a high school, the general contractor and the surety appeal from an order of the Supreme Court, Nassau County, entered December 30, 1963, granting the petition and staying them from proceeding to arbitrate pursuant to their prior written demand for arbitration. The application was made and granted primarily on the ground: (a) that arbitration is barred by reason of the failure of the parties seeking arbitration to comply with section 3813 of the Education Law which requires that notice of a claim be presented to the Board of Education "within three months after the accrual of such claim"; and (b) that compliance with this requirement is a condition precedent to arbitration. Order affirmed, with $10 costs and disbursements. No opinion. Ughetta, Acting P. J., Christ and Hill, JJ., concur; Kleinfeld and Rabin, JJ., dissent and vote to reverse the order and to deny the board's application for a stay of the arbitration, with the following memorandum: In our opinion, the new Civil Practice Law and Rules and the new article therein relating to arbitration (CPLR 7501–7514, art. 75), since their effective date, September 1, 1963, have rendered obsolete the application of section 3813 of the Education Law to an arbitration proceeding before arbitrators. That statute (Education Law, § 3813) provides that no "action or special proceeding" relating to a claim against a school district shall be maintained "unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district within three months after the accrual of such claim". The former Civil Practice Act (§ 1459) specifically stated that "Arbitration of a controversy * * * shall be deemed a special proceeding of which * * * the supreme court * * * shall have jurisdiction." This provision has been

completely eliminated from the CPLR; nor is there any section or rule in the CPLR containing an analogous provision. It is clear that the Legislature's omission of provisions corresponding to section 1459 of the former Civil Practice Act was intentional. The Legislature obviously adopted the views expressed by the dissenters, Presiding Justice BELDOCK of this court and Judge FROESSEL of the Court of Appeals, in a comparatively recent case (*Matter of Board of Educ.* [*Heckler Elec. Co.*], 7 N Y 2d 476, 486, affg. 8 A D 2d 940). In his dissent, Presiding Justice BELDOCK stated that an "arbitration is not the type of special proceeding contemplated by section 3813 of the Education Law;" and that "That section applies only to a proceeding instituted in a court and submitted to a court for determination." And in his dissent, Judge FROESSEL (p. 486) stated that this section "has no reference to an arbitration proceeding but refers to the conventional action or special proceeding." It should be noted that the *Heckler* case (7 N Y 2d 476, *supra*) was decided at a time when the preliminary drafts of the CPLR were in active preparation; that both the majority and the minority opinions were before the drafters; and that it was the minority view which was apparently selected and rendered viable. The Appellate Division in the First Department and the text writers have reached the same conclusion, namely: that since the advent of the CPLR the arbitration proceeding proper is no longer to be deemed a special proceeding (*Matter of Chariot Textiles Corp.* [*Wannalancit Textile Co.*], 21 A D 2d 762; 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7502.04 *et seq.*). It follows, therefore, that in the case at bar a verified notice of claim was not required to be filed by the general contractor before demanding arbitration of any controversy it had with the Board of Education arising out of the construction contract between them. Nor could the Board of Education, by the simple expedient of moving in the Supreme Court to stay such arbitration, convert into a special proceeding that which under the CPLR is no longer a special proceeding. The parties here elected by contract to settle their differences by arbitration. To grant a permanent stay of the proceeding initiated to effect such arbitration constitutes an improper and unauthorized interference with the contractual right to arbitrate. Such a stay in effect would make a new contract for the parties by invoking conditions precedent which are foreign to the contract and which are no longer mandated by any statute.