Chief Judge Breitel.
These are two separate appeals in proceedings to stay arbitration (CPLR 7503, subd [b]). The proceedings were brought by two boards of education in resisting demands for arbitration by building contractors with whom they had disputes. Each board contends that its contractor failed to comply with section 3813 of the Education Law, which requires that a verified written claim must have been presented to the board "within three months after the accrual of such claim”, before bringing any "action or special proceeding” against the board.
The principal issue is whether section 3813 applies to arbitration, notwithstanding that CPLR no longer classifies arbitrations as "special proceedings”, as had the former Civil Practice Act (§ 1459). If section 3813 is applicable, a further issue is whether , the contractors’ notices of claims were served upon the boards within three months after their respective claims accrued.
In the proceeding brought by the Ogdensburg Board of Education against the Wager Construction Corporation, the Appellate Division (Third Department) (45 AD2d 63) unanimously reversed a judgment at Special Term, held there was a failure to satisfy section 3813, and stayed the arbitration. In the proceeding brought by the Pearl River Board of Education against Gramercy Contractors, Inc., on the other hand, the Appellate Division (Second Department) (45 AD2d 935) unanimously affirmed a judgment at Special Term denying a stay of arbitration and holding that the statute was satisfied by the filing of timely notice of claims.
The order of the Appellate Division in the Wager proceeding should be affirmed and the order in the Gramercy proceeding should be reversed and the stay of arbitration granted. By repealing the classification of arbitrations as "special proceedings” under CPLR, the Legislature did not alter the application of section 3813 of the Education Law to claims against boards of education. As this court has twice held since the adoption of CPLR, timely notice of claim pursuant to section 3813 is a condition precedent to arbitration, as it is to a judicial action or proceeding. Respondents’ claims accrued when their alleged damages were ascertainable. In each case this was more than three months before service of the notice of claim on the board. The arbitrations should therefore be stayed.
The Ogdensburg Board of Education contracted with the *288 Wager Construction Corporation to erect a new physical education building. The contractor contends that the board’s delay in making the construction site available required revision of its construction schedule and caused it to incur substantially higher costs. The contractor first noted its grievance to the board’s architect by letter of August 12, 1971. By October 6, 1972, all but a small fraction of the work had been completed, and the contractor in a letter of November 6, 1972 to the architect itemized over half of its claim and estimated its remaining damages at over $65,000. The contractor submitted its entire delay claim on February 12, 1973, with the remaining damages itemized at $62,489, and when informed of the board’s reluctance to pay, served a notice of claim on March 10, 1973.
In the second proceeding, Gramercy contracted with the board for additions and alterations to a high school. It submitted three distinct claims in a letter of February 15, 1973 to the board’s architect. The first claim was for $10,000 balance due on a "semi-final” payment certificate accepted October 13, 1972, which had been withheld pending final payment on the contract. Also sought were expenses of $39,925.63 for extra work between July 14, 1971 and March 23, 1972, as a result of storm damage to the high school building. Finally, Gramercy charged $233,983.38 in additional costs to delays caused by the board’s architect and other prime contractors, incurred between September 7, 1971 and the completion of the project on April 10, 1972. Gramercy served a notice of claim on March 19, 1973, covering these three claims, and when the board rejected them, demanded arbitration on June 19, 1973.
Preliminarily, the applicability of section 3813 is properly determined by the courts rather than by the arbitrators. This is true at least in the absence of agreement to the contrary, an agreement not now involved and therefore not considered. If, as contended by the boards, compliance with section 3813 is a condition precedent to the right to arbitration, then the arbitrator cannot himself construe the statute and thus determine in the first instance his own jurisdiction (Matter of Board of Educ., Union Free School Dist. No. 7 [Heckler Elec. Co.], 7 NY2d 476, 481-482). On the other hand, of course, under a broad arbitration clause timely compliance with contractual notice provisions (sometimes characterized as "notice of claim” provisions), as well as various time requirements in grievance procedure, pose issues whose resolution *289 lies solely with the arbitrator (see Matter of Novelty Fabrics Corp., 1 AD2d 949, affd 2 NY2d 894, involving a commercial transaction; see, also, Matter of City School Dist. of City of Poughkeepsie, 35 NY2d 599, 606-607; Matter of Long Is. Lbr. Co. [Martin], 15 NY2d 380, 384-385, involving collective bargaining agreements, and in the instance of the Long Is. Lbr. case, interstate commerce).
As held by the court in the Heckler case (7 NY2d 476, 482-483, supra) compliance with section 3813 is a condition precedent to arbitration when a claim is lodged against a board of education. True, the statute by its terms applies to an "action or special proceeding”, and under CPLR, an arbitration is no longer classified as a "special proceeding” as it was under the former Civil Practice Act (compare CPLR 7502 with Civ Prac Act, § 1459; see, generally, 8 Weinstein-Korn-Miller, NY Civ Prac, par 7502.04). Nevertheless, the rationale for the Heckler rule remains decisive and indeed, since CPLR’s adoption, the rule has twice been reaffirmed by this court (see Matter of Central School Dist. No. 1, Town of Highlands v Double M. Constr. Corp., 34 NY2d 695, affg 41 AD2d 771; Matter of Board of Educ. of Cent. School Dist. No. 2 [Hanover Ins. Co.], 16 NY2d 673, affg 22 AD2d 936). Notably, the Heckler case in its reasoning did not depend solely upon the existence of the now repealed Civil Practice Act section (§ 1459).
The purpose of section 3813 of the Education Law is to give a school district prompt notice of claims "so that investigation may be made before it is too late for investigation to be efficient” (Matter of Board of Educ. [Heckler], 7 NY2d 476, 483, supra, citing Winbush v City of Mount Vernon, 306 NY 327, 333; cf., e.g., General Municipal Law, § 50-e). Applied to arbitrations, this purpose is equally well-served as it is when applied to actions and special proceedings. Indeed, judicial proceedings and arbitrations for enforcing claims against school districts and boards of education may be inextricable, as a practical matter. If, for example, a board of education refused to submit to arbitration, a special proceeding would be available to compel arbitration; and of course to enforce an award in arbitration. In short, even if an arbitration is not a "special proceeding” in the narrow judicial sense of the term, it is not divorced from all judicial special proceedings.
True, the court in Heckler (pp 482-483) emphasized that section 1459 of the Civil Practice Act "deemed” arbitration of a controversy under a contract to be a special proceeding. *290 This, however, merely bolstered the thesis. Even then, the court recognized that section 1459 had been enacted to overcome court decisions that because arbitration was not a special proceeding under section 308 of the Civil Practice Act the taking of testimony by deposition was not authorized.
Conversely, that section 1459 has no counterpart in CPLR does not vitiate the rule in Heckler. In the drafting of CPLR it was felt that section 1459 had been too mechanically construed, and that the arbitration should not be treated as a full-fledged judicial proceeding until the first application with respect to it was made to a court (see Advisory Committee on Practice and Procedure, Second Preliminary Report [Feb., 1958], § 17.2, pp 134-135; see, also, Advisory Committee on Practice and Procedure, Sixth Report by Senate Finance Committee [Jan., 1962], pp 646-647; see, generally, 8 Weinstein-Korn-Miller, NY Civ Prac, par 7502.04). Nothing in the history of CPLR permits an inference that the Legislature intended to or did overturn the Heckler rule, and thus deprive school authorities of the opportunity to make timely investigation of claims against them.
As a condition precedent to invoking arbitration, then, a written verified claim must be served upon the school board "within three months after the accrual of such claim”. The claims of the contractors "accrued” when their damages accrued (as distinguished from the event which incurs them), that is, when their damages were ascertainable (see Shalman v Board of Educ., Cent. School Dist. No. 1, 31 AD2d 338, 341; see, also, Waterman v State of New York, 19 AD2d 264, 266, affd 14 NY2d 793, 17 NY2d 613; Terrace Hotel Co. v State of New York, 19 AD2d 434, 436).
Lastly, CPLR 7502 (subd [b]) is arguably relevant at least as a matter of policy. That statute bars an arbitration if a limitation of time would have barred a cause of action pursued in a court of the State. Of course, section 3813 would, if the claims were untimely under the statute, bar the contractors in these two cases from bringing an action or proceeding in a court of law to enforce their claims in the first instance. Most important, a limitation bar, when applicable, is one to be determined by the court in advance, CPLR provides, although failure to submit the issue to the court does not preclude the arbitrators in their sole discretion from applying or not applying the bar. Section 3813, while not cast in the form of a classic Statute of Limitations, prescribes in effect a limitation *291 of time and is not to be confused with a contractual limitation which is approached with caution by the courts (8 Weinstein-Korn-Miller, NY Civ Prac, par 7502.16).
As of October 3, 1972, the Wager Construction Corporation had completed all but $213 in lawn work on a contract which had totaled approximately $728,000. Shortly thereafter, on November 6, 1972, Wager was able to itemize half of its damages in a letter to the board’s architect, and to estimate the remaining damages at over $65,000, an estimate almost precisely correct. The record thus supports the Appellate Division’s finding that the claim had accrued by November 6, 1972, and that the notice of claim filed March 10, 1973 was untimely.
In the Gramercy proceeding, on the other hand, the courts below ruled timely the notice of claim served March 22, 1973, apparently on the theory that the contractor’s three claims accrued when the board’s architect, by letters of May 9, 1973 and May 11, 1973, rejected them. This, however, confuses the time when a claim accrues with the time when a cause of action accrues or when an arbitration may be demanded (see Waterman v State of New York, 19 AD2d 264, 266, affd 14 NY2d 793, 17 NY2d 613, supra; 8 Weinstein-Korn-Miller, NY Civ Prac, par 7502.16). The record readily reveals that all of Gramercy's alleged damages were ascertainable well over three months prior to March 22, 1973, and were indeed ascertained and detailed in 1971 and 1972.
Gramercy claimed $233,983.38 in extra costs due to delays by the architect and other prime contractors between September 7, 1971 and April 10, 1972, when the entire project was completed. These damages were ascertainable as of the latter date, nearly a year prior to the March 22, 1973 notice of claim. Similarly, the contractor’s claim for $39,925.63, as a result of storm damage to the high school building, represented expenses incurred between July 14, 1971 and March 23, 1972. Finally, the $10,000 withheld by the board from its "semi-final” certificate for payment to Gramercy, pending completion of the contract, was a claim that "accrued” to the contractor, perhaps alone by its acceptance of the certificate on October 13, 1972, but certainly, when such acceptance was coupled with knowledge of the board’s claims against it in the board’s earlier letter of August 17, 1972; again, well over three months prior to the notice of claim.
Accordingly, the order of the Appellate Division in the *292 Gramercy proceeding should be reversed, with costs, and the stay of arbitration granted; and the order in the Wager proceeding should be affirmed, with costs.
Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur; Judge Cooke taking no part.
In Matter of Board of Educ. of Enlarged Ogdensburg City School Dist. (Wager Constr. Corp.): Order affirmed.
In Matter of Board of Educ., Union Free School Dist. No. 8, Pearl River (Gramercy Contrs.): Order reversed, etc.