Memorandum. The order of the Appellate Division should be affirmed.
Appellant Board of Education took formal action to terminate respondent’s employment as superintendent on June 22, 1972. An appeal was promptly taken to the Commissioner of Education. On June 28 the commissioner made an interim order directing the board to reinstate respondent pending determination of the appeal. On September 6, 1972 the commissioner dismissed the appeal and on September . 8 the board appointed a replacement acting superintendent.
On June 28, 1972 respondent had instituted an action against the board in Supreme Court. This action was subsequently dismissed for failure on the part of respondent to have served the prerequisite notice of claim under section 3813 of the Education Law.
On November 29, 1972 respondent served a notice of claim on the board and subsequently instituted the present "second” action.
Appellant board now advances three contentions. At the threshold it is asserted that this so-called "second” action is barred under principles of res judicata in consequence of the disposition of the "first” action. It suffices to observe that the first action was dismissed on procedural grounds rather than concluded on the merits.
In the next place the board contends that the November notice of claim was not presented "within three months after the accrual of such claim” as mandated by subdivision 1 of section 3813. The argument is made that this statutory period should be computed from June 22, in which event a November notice of claim would not have been timely. As we recently held in Board of Educ. (Wager Constr. Corp.) (37 NY2d 283) for the purposes of subdivision 1 of section 3813 respondent’s claim for breach of contract " 'accrued’ when [his] damages accrued (as distinguished from the event which incurs them), *841 that is, when [his] damages were ascertainable” (p 290, citations omitted). In the present case, in view of his reinstatement on order of the Commissioner of Education, respondent’s damages were not ascertainable until the dismissal of the appeal to the commissioner and the consequent cessation of his salary payments in September. On this analysis, respondent’s November notice of claim was well within the period prescribed by subdivision 1 of section 3813.
Finally the board urges that even if the contract cause of action alleged by respondent did not accrue until September, at least the related tort cause of action set forth in his complaint must be deemed to have "arisen” in June within the differently phrased requirement of section 50-e of the General Municipal Law (incorporated by reference in § 3813, subd 2) that notice of tort claims must be given "within ninety days after the claim arises”. Examination of the complaint discloses however that respondent predicates his second cause of action in intentional tort on termination of his employment alleged to have occurred "on or about September 8, 1972”. Under this pleading the November notice of claim met the 90-day requirement of subdivision 2 of section 3813 as well.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, with costs, in a memorandum. Question certified answered in the affirmative.