■ AMSTERDAM WRECKING AND SALVAGE Co., INC., Respondent, v GREATER AMSTERDAM SCHOOL DISTRICT, Appellant. — Appeal from an order of the County Court of Montgomery County (White, J.), entered July 21, 1980, which denied defendant's motion to dismiss the action for failure to timely file a notice of claim. On February 13, 1974, plaintiff contracted with defendant to demolish a school building at a bid price of $24,000. The contract included a liquidated damages clause providing for the payment by plaintiff of $50 for each day that the project remained unfinished beyond the scheduled completion date. The contract was thereafter extended so as to provide a completion date of April 24, 1974. On August 1, 1974, plaintiff submitted a bill for $24,000 to defendant for payment under the contract. By letter dated August 23, 1974, defendant informed plaintiff "we affirm your date of substantial completion as July 29, 1974". It was stated in the letter that plaintiff was 96 days beyond the completion date and thus was entitled to $19,200; that $200 was being retained by defendant until the growth of grass was acceptable; and that, therefore, "payment to be made at this time" was $19,000. On January 1, 1975 and on several subsequent occasions, a bill was submitted by plaintiff to defendant for the payment of $5,000 as the balance due under the original contract plus some $11,000 for claimed extra work. Defendant never responded to these bills. On July 17, 1975, defendant, allegedly in error, sent a check to plaintiff in the amount of $200. Plaintiff forwarded a written verified notice of claim to defendant on October 2, 1975 and subsequently commenced the present action for damages based on the contract in question. Defendant moved to dismiss the complaint on the ground that plaintiff failed to timely present a written verified claim pursuant to section 3813 of the Education Law. County Court denied the motion and this appeal ensued. Section 3813 of the Education Law requires that a written verified claim be presented to the governing body of a school district within three months after the accrual of a claim before an action or proceeding can be commenced against the school district. Plaintiff's claim accrued when its damages were ascertainable (*Carthage Cent. School Dist. No. 1 v Reddick & Sons of Gouverneur,* 67 AD2d 808). Concerning the $5,000 allegedly due as the balance of the original contract price, plaintiff's claim accrued on August 1, 1974. Concededly, the contract work was completed by August 1, 1974 and plaintiff sent a bill for the contract price of $24,000 on that date. Plaintiff's claim for extra work accrued on January 1, 1975 when the bill itemizing the amounts due was sent by plaintiff

to defendant *(Matter of Board of Educ. [Wager Constr. Corp.],* 37 NY2d 283). On both of these dates the damages sought were ascertainable and, therefore, the claims had accrued. We reject plaintiff's contention that defendant is estopped from asserting a notice of claim defense because of its failure to respond to the bills sent by plaintiff. It is clear from the record that defendant did not act in any way to induce plaintiff to delay in filing its notice of claim. An estoppel cannot be founded upon defendant's failure to communicate with plaintiff in response to the bills. Accordingly, defendant's motion to dismiss for failure to timely file a written verified claim should have been granted and the complaint dismissed. Order reversed, on the law and the facts, without costs, and motion to dismiss complaint granted. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.