(December 24, 1984)

■ ACME SKILLMAN CONSTRUCTION CO., INC., Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent. — In an action to recover damages for breach of contract, plaintiff appeals from an order of the Supreme Court, Queens County (Hyman, J.), dated October 24, 1983, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint.

Order affirmed, with costs.

Plaintiff's failure to present a notice of claim to defendant within three months after the accrual of its claims, as required by the clear language of subdivision 1 of section 3813 of the Education Law, is a fatal defect mandating dismissal of the action (*Parochial Bus Systems v Board of Educ.,* 60 NY2d 539). Plaintiff's claims accrued when the applications for payment were sent by plaintiff to defendant, because at those times the damages sought were ascertainable (*Amsterdam Wrecking & Salvage Co. v Greater Amsterdam School Dist.,* 83 AD2d 654, affd 56 NY2d 828; *Matter of Board of Educ. [Wager Constr. Corp.],* 37 NY2d 283).

Furthermore, the standard form of agreement between the parties does not affirmatively waive compliance with section 3813 of the Education Law, nor are the provisions of the agreement plainly inconsistent with the statute (see *Matter of Board of Educ. [Wager Constr. Corp.], supra; Matter of Geneseo Cent. School [Perfetto & Whalen Constr. Corp.],* 53 NY2d 306; *Public Improvements v Board of Educ.,* 81 AD2d 537, affd 56 NY2d 850). Titone, J. P., Mangano, Brown and Rubin, JJ., concur.

■ JACQUELINE ARRIEUX et al., Appellants, v JUAN NEGRIN, JR., et al., Respondents, et al., Defendants. — Order of the Supreme Court, Queens County (Lerner, J.), dated February 15, 1984, affirmed, with costs (see, e.g., *Eggeling v County of Nassau,* 97 AD2d 395). Titone, J. P., Weinstein, Rubin and Boyers, JJ., concur.