■ LAWRENCE S. KLEINFELD, as Trustee in Bankruptcy of KENNETH E. PEDERSEN, Appellant, v YVONNE G. PEDERSEN, Respondent.—Order unanimously reversed, on the law, with costs, and motion granted. Memorandum: The court erred in failing to grant summary judgment to plaintiff, setting aside the transfer of certain property to defendant and directing a money judgment against her in the amount of the proceeds of

any transfer by her of assets transferred to her by her insolvent husband. A wife may be a creditor of her husband within the meaning of Debtor and Creditor Law § 270 *(see, Kasinski v Questel,* 99 AD2d 396, *appeal dismissed* 62 NY2d 977), but the issue here is whether the transfer to her was fraudulent as to other creditors, since the transfer was from an insolvent husband. That turns on whether the transfer was for fair consideration (Debtor and Creditor Law § 273). Defendant has failed to allege facts raising an issue that there was fair consideration so as to defeat plaintiff's motion for summary judgment *(see, Century Center v Davis,* 100 AD2d 564). To the extent that the consideration alleged was that the parties would continue to reside together, this does not constitute fair consideration, as a promise of future services is not valid as against existing creditors *(see, Rush v Rush,* 19 AD2d 846; 30 NY Jur 2d, Creditors Rights and Remedies, § 263, at 180). To the extent that the consideration alleged was an antecedent debt, in recognition of the wife's contribution to the assets in question over 32 years of marriage, defendant has provided no facts as to the amount of the antecedent debt, the value of the property transferred, or the relationship between the two *(see,* Debtor and Creditor Law § 272 [b]). Further, defendant's reliance on an oral agreement to satisfy her right to equitable distribution of marital property is erroneous *(see,* Domestic Relations Law § 236 [B] [3]). (Appeal from order of Supreme Court, Yates County, Dugan, J.—summary judgment.) Present—Dillon, P. J., Doerr, Boomer, Green and Pine, JJ.