■ In the Matter of the Arbitration between BOARD OF EDUCATION SALMON RIVER CENTRAL SCHOOL DISTRICT, Appellant, and TRACY TROMBLEY CONSTRUCTION COMPANY, INC., Respondent.—Mahoney, P. J. Appeal from an order of the Supreme Court at Special Term (Walsh, J.), entered December 4, 1985 in Franklin County, which denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties and granted respondent's cross application to compel arbitration.

On May 25, 1983, a written contract was entered into between petitioner and respondent for the renovation of the Salmon River Central School. Part of the remedial work

required replacing all windows in the school and in the special wing of the school. Thereafter, by letter dated July 6, 1984, respondent was advised by its subcontractor that it had miscalculated the number of windows and requested an additional $71,682.81 for the purchase and installation of 33 additional windows. By letter dated July 11, 1984, respondent requested a change order from the architect for a sum covering the additional costs. On August 22, 1984, respondent served a verified notice of claim on petitioner. A demand to arbitrate, dated September 30, 1985, was received by petitioner on October 2, 1985. Thereafter, petitioner moved to stay arbitration and to vacate the notice of intention to arbitrate. Respondent cross-moved to compel arbitration. Special Term denied petitioner's motion and granted respondent's cross motion to compel arbitration. This appeal ensued.

Resolution of this dispute requires an inquiry into the timeliness of respondent's demand to arbitrate and the timeliness of respondent's notice to the architect as required by the contract.

Preliminarily, despite Special Term's holding to the contrary, we hold that the applicability of Education Law § 3813 to arbitral questions is properly determined by the courts rather than by arbitrators *(Matter of Board of Educ. [Wager Constr. Corp.],* 37 NY2d 283, 288). The statute provides that timely notice of claim is a condition precedent to arbitration. Such notice must be presented "within three months after the accrual of such claim" (Education Law § 3813 [1]). Here, petitioner argues that respondent's notice of claim was untimely. We disagree. A claim accrues when damages are ascertainable *(Matter of Board of Educ. [Wager Constr. Corp.], supra,* p 287). Here, respondent's subcontractor advised on July 6, 1984 that it would require $71,682.81 for the purchase and installation of additional windows. On July 11, 1984, respondent so informed the architect. Clearly, the service upon petitioner of a verified notice of claim on August 22, 1984 complied with the time requirements of Education Law § 3813.

We also reject petitioner's contention that respondent's notice to the architect was untimely. Section 12.3.1 of the contract provides, "If the contractor wishes to make a claim for an increase in the contract sum, he shall give the architect written notice thereof within twenty days after the occurrence of the event giving rise to such claim * * * No such claim shall be valid unless so made". Here, as noted in our discussion of the timeliness of the notice to the owner, respondent

became aware of the subcontractor's error on July 6, 1984 and the architect was so informed on July 11, 1984.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Mikoll and Levine, JJ., concur.