■ CASTAGNA & SON, INC., et al., Respondents, v BOARD OF EDUCATION OF THE CITY OF NEW YORK (NEW DORP HIGH SCHOOL), Appellant.—Order, Supreme Court, New York County (Eve M. Preminger, J.), entered May 13, 1988, denying defendant's motion for partial summary judgment dismissing the third cause of action alleged in plaintiffs' complaint, unanimously reversed, on the law, and motion granted without costs.

In 1979 plaintiff Wachtel Duklauer & Fein, Inc. (Wachtel) entered into a written agreement with defendant Board of Education (Board) whereby Wachtel contracted to perform all plumbing and drainage work required in the construction of the New Dorp High School in Staten Island, New York. Wachtel's compensation was fixed at $1,458,300, and the projected date for completion of the entire project was June 28, 1981.

On May 17, 1982, Wachtel submitted a formal application for payment certifying completion of $1,420,375 (97.5%) of the contract work. This submission was duly endorsed by the mechanical engineer employed by the Board. A little more than a month later on June 21, 1982, Wachtel submitted a statement certifying by its duly authorized officer that "substantial completion" of the project had been achieved. In that statement Wachtel certified that "uncompleted work does not unduly interfere with school activities". The substantial completion statement was endorsed by duly authorized personnel of the Board on September 13, 1982, the same day that the school was open for business and commenced being utilized by both students and faculty.

Education Law § 3813 (1) provides that no action or claim against a school district or Board of Education be maintained unless "a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district within three months after the accrual of such claim". This language has been interpreted to mean that

the claim must be presented within three months from the time that damages are "ascertainable" *(Crescent Elec. Installation Corp. v Board of Educ.,* 72 AD2d 760, *affd* 50 NY2d 780; *see also, Matter of Board of Educ. [Wager Constr. Corp.],* 37 NY2d 283, 291). The $50,000 in damages attributable to the Board's alleged delay, claimed by plaintiff in the third cause of action, must be deemed to be ascertainable no later than when a contractor asserts that it has substantially completed the work *(see, Public Improvements v Board of Educ.,* 81 AD2d 537, *affd* 56 NY2d 850; *F & G Heating Co. v Board of Educ.,* 103 AD2d 791, *lv dismissed* 64 NY2d 610).

In this case plaintiff served its notice of claim pertaining to damages alleged in the third cause of action on February 26, 1983. Since this notice was delivered more than three months after June 21, 1982 when plaintiff had submitted its substantial completion statement, it was error for the motion court to deny the Board's motion for dismissal of that count of the complaint. Plaintiff is not aided by the circumstance that the Board's personnel internally certified the project as substantially complete by endorsement on September 13, 1982. But, because the date of this internal action is irrelevant, even if this latter date were to be viewed as the accrual date of plaintiff's claim, the notice was still belated by over two months. Nor does the fact that the Board called upon plaintiff for punch-list work in a sum less than $5,000 defer the accrual date of plaintiff's claim *(see, Crescent Elec. Installation Corp. v Board of Educ., supra).* The record discloses that on September 13, 1982, the latest conceivable date for accrual of plaintiff's claim, there remained only $2,500 in punch-list items remaining for completion.

For the foregoing reasons, there remains no triable issue as to the viability of plaintiff's third cause of action, because plaintiff has failed to show compliance with the notice provisions of the Education Law—a condition precedent to the maintenance thereof. Concur—Kupferman, J. P., Sullivan, Ross, Asch and Wallach, JJ.