■ PROTE CONTRACTING Co., INC., Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.—Order, Supreme Court, New York County (Leonard N. Cohen, J.), entered November 22, 1989, denying plaintiff's motion for partial summary judgment on its second cause of action, while granting defendant's cross-motion for summary judgment dismissing that cause of action, is affirmed, without costs or disbursements.

Education Law § 3813 (1) requires presentation of a claim against a school board or district "within three months after the accrual of such claim". Plaintiff concededly let sixteen months pass before filing a notice of claim for unpaid extra work performed under a change order approved by defendant.

While plaintiff contends its claim for extra work never accrued because it was never rejected, the claim for extra work accrued upon completion of the work. *(See, Matter of Board of Educ. [Wager Constr. Corp.],* 37 NY2d 283, 291.) The failure of plaintiff to present its claim within the statutory time limitations was a "fatal defect" *(Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539, 547). Concur—Milonas, J. P., Asch and Smith, JJ.

Wallach and Kassal, JJ., dissent in a memorandum by Kassal, J., as follows: The $89,056 at issue in this appeal represents a sum approved by defendant for work performed by plaintiff pursuant to defendant's authorization. Because of the cumbersome and time-consuming municipal payment process, with which those in the construction industry are well familiar, plaintiff did not file a notice of claim within 90 days of the submission of its requisition for payment. Rather, in reliance upon defendant's approval of both the extra work required to complete the project and the payment requisition therefor, plaintiff waited approximately 16 months before resorting to litigation in order to obtain compensation, and now finds itself time-barred. I cannot agree that the applicable statute and the body of case law developed in this area were intended to permit this result, and must respectfully dissent.

Education Law § 3813 (1) provides that no action may be brought against the Board of Education unless a "written verified claim" was filed "within three months after the accrual of [the] claim". The purpose of this section is "to give a school district prompt notice of claims 'so that investigation may be made before it is too late for investigation to be efficient' " *(Matter of Board of Educ. [Wager Constr. Corp.],* 37 NY2d 283, 289). The *Wager* Court held that the claims of contractors accrue, "when their damages accrued (as distinguished from the event which incurs them), that is, when their damages were ascertainable" (37 NY2d, *supra,* at 290).

Much attention to the critical date on which a claim accrues has understandably been given in subsequent court rulings in this area. *(See, e.g., F & G Heating Co. v Board of Educ.,* 103 AD2d 791, 793; *Castagna & Son v Board of Educ.,* 151 AD2d 392, 392-393.)* The case at bar, however, requires a shift of focus to what, exactly, is contemplated by the use of the word "claim" in this context. Does the mere submission of a bill, in an amount approved and for work authorized, constitute a "claim" for the purposes of Education Law § 3813 (1)? *Wager (supra,* at 290) advances the need for prompt and efficient investigation of claims, and refers to the accrual of "dam-

ages". Surely this language, with its portent of litigation, does not contemplate the undisputed, pre-approved billing amount of a contractor who has in good faith fully performed under a contract with the Board of Education and now seeks rightful compensation. It has been held that a claim against a municipality accrues when it refuses to make payment. *(Matter of City of White Plains v City of New York,* 63 AD2d 396, 403, *lv denied* 46 NY2d 707; *see also, Leith Constr. Co. v Board of Educ.,* 75 AD2d 615 [a claim does not accrue until defendant informs plaintiff of the amount it intends to pay].)

To interpret Education Law § 3813 (1) in the manner approved by the majority is to require a contractor to automatically follow its payment requisition, within 90 days, with a notice of claim—thereby entailing unnecessary legal expenses and triggering whatever mechanisms go into effect when the City receives notice of impending litigation—despite the well-known fact that municipal bills are rarely, if ever, paid within three months.*

It is interesting to note that, unlike the facts before us, every case cited by defendant to support its position involved a dispute with respect to the sums claimed. In *Wager (supra),* for example, where to separate appeals were brought to stay arbitration because of the contractor's failure to file a timely notice of claim, the first involved a contractor who claimed that the Board's delay in making the construction site available caused it to incur substantially higher costs, and the second appeal dealt with additional costs for delays caused by the Board's architect. Neither of these claims were for undisputed sums.

The case of *Amsterdam Wrecking & Salvage Co. v Greater Amsterdam School Dist.* (83 AD2d 654, *affd* 56 NY2d 828) involved a plaintiff contractor who submitted a bill for $24,000 after having been informed that defendant would only pay $19,200 for claimed extra work. Similarly, "additional work occasioned by but not included in change orders" was the basis of a payment dispute in *Phillips Constr. Co. v City of New York* (61 NY2d 949, 950), a case involving the six-year statute of limitations prescribed in CPLR 213 (2).

In considering whether the requirements of Education Law § 3813 (1) go into effect in the absence of a dispute and during a period when a contractor may reasonably assume that

---

* Plaintiff's president attests to having been informed that if a contractor files a notice of claim on a job, all payments on the contract may be held back pending the resolution of the disputed item.

payment on the approved bill is simply delayed in the bureaucratic process, the analogous provisions of General Municipal Law § 50-e are instructive. This statute, which requires the filing of a notice of claim as a condition precedent to commencing suit against a public corporation, also finds its roots in the need to afford municipalities the opportunity to promptly investigate claims in order that evidence may be marshalled and stale claims avoided. *(Matter of Brown v Board of Trustees,* 303 NY 484, 490; *Matter of Annis v New York City Tr. Auth.,* 108 AD2d 643, 644.)

No such precautions are necessary when the municipality does not dispute the amount due. Nor do sums contractually agreed upon become transformed into "damages" unless and until there is a dispute. The City knew this when, placed in a position similar to that of respondent, it argued that "no claim can be considered to have accrued until the State Comptroller has audited and rejected it." *(City of New York v State of New York,* 40 NY2d 659, 667.)* In language equally applicable here, the Court of Appeals agreed:

"In our view, it cannot be said as a matter of law that the city's failure to regard its claims as rejected earlier than it did was not justified by the facts surrounding its negotiations with the State. The claims had never been categorically rejected by the State. * * *

" 'The burden [is] put on the public body to make it clear what was or was not its determination. In dealing with this dilatory defense the courts should resolve any ambiguity created by the public body against it in order to reach a determination on the merits and not deny a party his day in court.' *(Matter of Castaways Motel v Schuyler,* 24 NY2d 120, 126-127.)" *(Supra,* at 669-670.)

For all of these reasons, I disagree that the 90-day period automatically began to run on the date the bill was submitted, and would reverse and remand for a hearing to determine whether the notice of claim may be deemed timely filed in light of the unique circumstances presented.