■ In the Matter of the Arbitration between CITY SCHOOL

DISTRICT OF THE CITY OF AMSTERDAM, Respondent, and TOUGHER INDUSTRIES, INC., Appellant.—Levine, J. Appeal from a judgment of the Supreme Court (White, J.), entered August 17, 1990 in Montgomery County, which granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

In September 1987, petitioner and respondent entered into a contract providing for the performance of certain heating and ventilation work by respondent at the Wilbur H. Lynch Middle School in the City of Amsterdam, Montgomery County. Under the contract, respondent was to receive $37,631 for the completion of work in the school's kitchen and cafeteria during the summer of 1988. Prior to commencement of the work, petitioner altered the extent of its remodeling project and, by letter from its engineer dated April 18, 1988, advised respondent to "stop all work associated with the existing Kitchen" and to "submit a credit * * * for the deleted work".

In June 1988, respondent submitted a proposed credit of $17,233 which petitioner's architect found to be unreasonable. Thereafter, by letter dated January 25, 1989, respondent proposed a revised credit of $19,077, leaving a balance of $18,544. Respondent sent a bill for that amount on April 5, 1989. The following November, a change order request signed by respondent was submitted to petitioner. On December 14, 1989, respondent was notified that petitioner had voted to reject the change order and that payment had been refused.

On March 7, 1990, respondent served petitioner with a notice of claim and, in May 1990, with a demand for arbitration. Petitioner then commenced the instant proceeding seeking to stay arbitration on the ground that respondent failed to serve a timely notice of claim pursuant to Education Law § 3813 (1). Supreme Court granted the petition and this appeal followed.

We affirm. Education Law § 3813 (1) provides that no action or special proceeding may be maintained against a school district unless "a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district * * * within three months after the accrual of such claim". A claim is deemed to accrue for purposes of the statute at the time when damages become ascertainable (see, Matter of Board of Educ. [Wager Constr. Corp.], 37 NY2d 283, 290-291; Castagna & Son v Board of Educ. [New Dorp High School], 151 AD2d 392, 392-393; Amsterdam Wrecking & Salvage Co. v Greater Amsterdam School

*Dist.,* 83 AD2d 654, *affd* 56 NY2d 828). Here, respondent's damages were ascertainable, at the very latest, on April 5, 1989 when it sent petitioner an invoice for the claimed contract balance *(see, Board of Educ. v Zanghi Constr. Corp.,* 127 AD2d 725, 726; *Acme Skillman Constr. Co. v Board of Educ.,* 106 AD2d 533, *lv denied* 65 NY2d 609). Measured from that date respondent's notice of claim, served some 11 months later, was clearly untimely and, therefore, respondent was precluded from demanding arbitration *(see,* CPLR 7502 [b]; *Board of Educ. v Zanghi Constr. Corp., supra).*

Respondent's remaining contention that Supreme Court erred in refusing to extend the time for service of the notice of claim is unavailing. Respondent did not seek leave to file a late notice of claim until June 4, 1990, beyond the expiration of the one-year limitations period. Thus, respondent was not entitled to application of the relief provision contained in Education Law § 3813 (2-a) *(see, Philson Painting Co. v Board of Educ.,* 133 AD2d 619).

Judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.