■ G.A. CONTRACTORS, INC., Respondent, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.—In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Kings County (Greenstein, J.), dated February 5, 1990, which denied its motion for partial summary judgment dismissing the second cause of action asserted in the complaint, demanding payment for extra work, for failure to serve a timely notice of claim.

Ordered that the order is reversed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for an immediate trial pursuant to CPLR 3212 (c) to determine the date upon which the plaintiff's claim for extra work accrued and whether service of the notice of claim with respect thereto was timely under Education Law § 3813 (1).

The record reveals that the parties entered into a contract wherein the plaintiff agreed to perform certain construction work at a school building owned by the defendant Board of Education of the City of New York (hereinafter the Board).

The plaintiff alleges that, at the Board's request, it also performed certain extra work which was outside the specifications of the contract, and that it is entitled to payment therefor. In a document bearing the date January 30, 1987, the Board indicated that no change order had been issued with respect to the extra work claimed by the plaintiff and that any such work had been unauthorized. The plaintiff thereafter sought, *inter alia,* payment for the extra work, by filing a notice of claim dated February 2, 1987, and subsequently commenced the instant action. The Board moved for partial summary judgment dismissing the claim for extra work, reasoning that the claim accrued in or before April 1986, and that the notice of claim had not been timely filed under Education Law § 3813 (1). The Supreme Court denied the motion, finding that the claim did not accrue until January 1987 when the Board indicated that it would not pay for the alleged extra work. We now reverse and remit the matter to the Supreme Court for an immediate trial to determine the date on which the plaintiff's claim accrued and whether the notice of claim in this case was timely filed.

The timely filing of a notice of claim is a condition precedent to the commencement of an action against the Board *(see, Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539; *Public Improvements v Board of Educ.,* 56 NY2d 850).* Pursuant to Education Law § 3813 (1), a notice of claim must be filed with the Board within three months after the accrual of the claim. It is well settled that in actions involving construction claims against the Board, the claim accrues and the three-month period commences running at the time the contractor's damages become ascertainable rather than on the date the Board refuses payment *(see, Matter of Board of Educ. [Wager Constr. Corp.],* 37 NY2d 283; *Amsterdam Wrecking & Salvage Co. v Greater Amsterdam School Dist.,* 83 AD2d 654, *affd* 56 NY2d 828; *Public Improvements v Board of Educ.,* 81 AD2d 537, *affd* 56 NY2d 850, *supra).* While the date upon which a contractor's damages become ascertainable necessarily depends upon the particular facts of each case, it generally has been recognized that damages are ascertainable once the work is substantially completed or a detailed invoice of the work performed is submitted to the Board *(see, e.g., Castagna & Son v Board of Educ.,* 151 AD2d 392; *Philson Painting Co. v Board of Educ.,* 133 AD2d 619; *Matter of Board of Educ. [Trombley Constr. Co.],* 122 AD2d 421; *Acme Skillman Constr. Co. v Board of Educ.,* 106 AD2d 533; *F & G Heating Co. v Board of Educ.,* 103 AD2d 791; *Almar Constr. Corp. v Hughes & Sons,*

58 AD2d 615; *Central School Dist. No. 3 v Kosoff & Sons,* 53 AD2d 1058).

In the instant case, the Board contends that the plaintiff's damages were ascertainable either on April 17, 1986, when the plaintiff's president wrote a letter to an employee of the Board indicating that "the job is 98% complete", or in September 1986 when the plaintiff submitted its payment application to the Board. However, the plaintiff contends that these documents referred only to the contract work and did not include the extra work for which the plaintiff seeks to recover. Inasmuch as these factual issues cannot be resolved on the record before us, we remit the matter to the Supreme Court for an immediate trial pursuant to CPLR 3212 (c) to determine the date upon which the plaintiff's damages became ascertainable and its claim accrued. In resolving this question, the court should accord due weight to any evidence regarding the point at which the extra work was substantially completed and/or a detailed bill for the extra work was submitted by the plaintiff to the Board. Upon fixing the date of accrual, the court should then determine whether the notice of claim was timely filed pursuant to Education Law § 3813.

The plaintiff's estoppel contention is improperly raised for the first time on appeal *(see, Orellano v Samples Tire Equip. & Supply Corp.,* 110 AD2d 757). In any event, the facts of this case fail to support the application of estoppel *(cf., D'Onofrio Bros. Constr. Corp. v Board of Educ.,* 72 AD2d 760). Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.