(January 18, 1994)

■ BRI-DEN CONSTRUCTION COMPANY, INC., Appellant, v BOARD OF EDUCATION, HEMPSTEAD SCHOOL DISTRICT, Respondent. [606 NYS2d 717] —In an action to recover sums due and owing under a construction contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Kohn, J.), entered September 9, 1991, which denied its motion for summary judgment and leave to serve a late notice of claim, and granted the defendant's cross motion to dismiss the complaint for failure to serve a timely notice of claim pursuant to Education Law § 3813.

Ordered that the order is reversed, on the law, with costs, the defendant's cross motion is denied, the complaint is reinstated, the plaintiff's motion is granted, the plaintiff is granted leave to serve a late notice of claim upon the defendant, the notice of claim dated September 13, 1990, is deemed served, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate judgment in the principal sum of $43,503.82 plus interest to be determined by the Supreme Court, Nassau County.

Having completed work on a construction contract entered into with the defendant on July 31, 1986, the plaintiff submitted a final requisition for payment of $43,503.82 on November 14, 1989. Over the ensuing months the plaintiff received numerous assurances in response to its calls and letters that payment was forthcoming. However, no check was ever sent. On September 14, 1990, the plaintiff served a notice of claim, and commenced this action.

According to Education Law § 3813 (1), a plaintiff is obliged to file a notice of claim against a school district within three months from the accrual of the "claim" under a contract. For contracts entered into before July 17, 1992, a "claim" accrued when the amount of money due was ascertained or ascertainable (see, Matter of Board of Educ. [Wager Constr. Corp.], 37 NY2d 283; G.A. Contrs. v Board of Educ., 176 AD2d 856; Prote Contr. Co. v Board of Educ., 171 AD2d 621, 622; Philson Painting Co. v Board of Educ., 133 AD2d 619; Amsterdam Wrecking & Salvage Co. v Greater Amsterdam School Dist., 83

AD2d 654, *affd* 56 NY2d 828). In consequence, because the amount of the plaintiff's "claim" was ascertained on November 14, 1989, its service of a notice of claim on September 14, 1990, was untimely.

However, the plaintiff did move for leave to serve a late notice of claim within the one-year period of limitations set forth in Education Law § 3813 (2-a) and (2-b) *(see, Matter of Prote Contr. Co. v Board of Educ.,* 198 AD2d 418). The defendant had actual knowledge of the essential facts constituting the claim in November 1989. The plaintiff failed to file a timely notice of claim by reason of its justifiable reliance upon representations by the defendant's authorized representatives and agents that its bill would be paid, and the delay did not prejudice the defendant *(see,* Education Law § 3813 [2-a]; *Gordon Dana Madris Realty v Eastchester Union Free School Dist.,* 125 AD2d 541, 542; *Nyack Bd. of Educ. v Capolino Design & Renovation,* 114 AD2d 849, *affd* 68 NY2d 647). Additionally, among the "other relevant facts and circumstances" deserving of consideration under Education Law § 3813 (2-a) is the fact that the defendant does not contest the plaintiff's right to the $43,503.82 for work performed under the contract, arguing *only* that the plaintiff waited too long to sue *(see, Quirk v Morrissey,* 106 AD2d 498). Accordingly, we grant the plaintiff leave to serve a late notice of claim, deem the notice of claim timely served, and grant the plaintiff summary judgment. Bracken, J. P., Sullivan, Rosenblatt and Miller, JJ., concur.