■ SUBURBAN RESTORATION COMPANY, INC., Appellant, v WAPPINGERS CENTRAL SCHOOL DISTRICT, Respondent. [683 NYS2d 109] —In an action to recover damages for breach of contract, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Dutchess County (Jiudice, J.), dated December 30, 1997, which granted the defendant's motion for summary judgment dismissing the complaint for failure to serve a timely notice of claim pursuant to Education Law § 3813 (1), and dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

Education Law § 3813 (1) requires a notice of claim to be served upon the governing body of a school district within three months after the accrual of a claim. The timely service of a notice of claim is a condition precedent to the commencement of an action against a school district (*see, Parochial Bus Sys. v Board of Educ.*, 60 NY2d 539; *Public Improvements v Board of Educ.*, 56 NY2d 850). For contracts entered into before July 17, 1992, a claim accrues, and the three-month period begins to run, when the contractor's damages become ascertainable (*see, Matter of Board of Educ. [Wager Constr. Corp.]*, 37 NY2d 283; *G.A. Contrs. v Board of Educ.*, 176 AD2d 856). As a general rule, damages are considered ascertainable under this standard once the work is substantially completed, or a detailed invoice of the work has been submitted (*see, Matter of Board of Educ. [Merritt Meridian Constr. Corp.]*, 210 AD2d 854; *G.A. Contrs. v Board of Educ., supra*).

Applying these principles to the instant case, the Supreme

Court properly dismissed the plaintiff's complaint for failure to timely serve a notice of claim. Here, the plaintiff's claim accrued, at the latest, on July 13, 1990, when it submitted an invoice to the defendant Wappingers Central School District (hereinafter the School District) demanding payment of the full contract price plus an additional sum for extra work documented in six change orders which accompanied the invoice. The invoice indicated that as of July 13, 1990, all but a small percentage of the work for which the plaintiff sought compensation had been performed, and the plaintiff had ascertained the value of the work which still remained to be done. Accordingly, the plaintiff's notice of claim, served more than three months after it submitted its invoice to the School District, was untimely (*see, Giampilis Contr. Co. v New York City School Constr. Auth.*, 211 AD2d 524; *Matter of Prote Contr. Co. v Board of Educ.*, 198 AD2d 418; *Amsterdam Wrecking & Salvage Co. v Greater Amsterdam School Dist.*, 83 AD2d 654, *affd* 56 NY2d 828).

Furthermore, while a school district may be estopped from asserting a notice of claim defense where its affirmative conduct has induced the other side to delay serving the notice of claim (*see, Smith v Sagistano*, 186 AD2d 180), the plaintiff's submissions are insufficient to raise an issue of fact as to whether the conduct of the School District's representatives induced it to delay serving its notice of claim. Copertino, J. P., Joy, Krausman and Goldstein, JJ., concur.