▪ Rose Manor Corp., Respondent, v. Town of Islip et al., Appellants.— In an action to have a zoning ordinance declared unconstitutional and void, insofar as it affects land owned by the plaintiff, defendants appeal from an order of the Supreme Court, Suffolk County, dated June 28, 1960, denying their motion for summary judgment dismissing the complaint (Rules Civ. Prac., rule 113). Plaintiff's land is in a Residence A district. Plaintiff petitioned the defendant Town Board to reclassify the land to a Business 3 district, so as to permit the erection of a shopping center. After a hearing the Town Board denied the application. Plaintiff now brings this action to void the ordinance on the ground that it is confiscatory and on the ground that the defendant Planning Board (not the Town Board) encouraged plaintiff to improve adjoining land in the expectation that a shopping center would be permitted on the subject land. Order reversed, with $10 costs and disbursements, and motion for summary judgment granted. On this motion for summary judgment defendants established that there was a factual basis for classifying the subject land as Residence A. Such classification being a legislative act it is entitled to the strongest presumption of validity (*Church* v. *Town of Islip*, 8 N Y 2d 254, 258). Against such a showing on the part of defendants, it was incumbent upon the plaintiff, as a basis for denial of the motion, to show facts sufficient to require a trial of any material issue of fact (Rules Civ. Prac., rule 113). More specifically, plaintiff should have alleged facts showing a triable issue as to whether the land could or could not be reasonably adapted to *any use* permitted in a Residence A district (*Levitt* v. *Incorporated Vil. of Sands Point*, 6 N Y 2d 269, 273; *Vernon Park Realty* v. *City of Mount Vernon*, 307 N. Y. 493, 499). The complaint and plaintiff's affidavit fail to set forth any *facts* sufficient to raise such issue or any other material issue. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.

▪ Selma Siegel et al., as Administratrices of the Estate of Max Bayer, Deceased, Respondents, v. Abraham Bayers, Appellant.— In an action to declare an assignment of a bond and mortgage void, and for incidental relief, the defendant appeals from an order of the Supreme Court, Kings County, dated August 24, 1960, denying his motion for summary judgment. Order affirmed, with $10 costs and disbursements. The record presents issues of fact which must be resolved by trial. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.