■ EASTERN ENVIRONMENTAL SERVICES OF THE NORTHEAST, INC., Respondent, v BRUNSWICK CENTRAL SCHOOL DISTRICT, Appellant.—Crew III, J. Appeal from an order of the Supreme Court (Travers, J.), entered September 11, 1991 in Rensselaer County, which, *inter alia,* granted plaintiff's cross motion for leave to serve a late notice of claim and an amended complaint.

In May 1989, plaintiff and defendant entered into two contracts governing plaintiff's removal of asbestos and related materials from defendant's school buildings. In accordance with the contract documents, the asbestos removal was to be completed by August 28, 1989. The asbestos removal was actually completed on or about September 8, 1989 and plaintiff forwarded its outstanding invoices to defendant shortly thereafter. On or about November 22, 1989, the architect's representative advised plaintiff that it was recommending that certain amounts be withheld from the final payment due to, *inter alia,* plaintiff's failure to complete the required work in a timely fashion and its alleged contamination of the water supply at one of defendant's schools. Plaintiff requested supporting documentation for the amounts withheld, which was forwarded to plaintiff by letter dated December 10, 1989. It appears that plaintiff actually received final payment on December 11, 1989.

Subsequent attempts to settle this dispute failed and on September 24, 1990, plaintiff commenced this action against

defendant seeking moneys due under the contracts. Following joinder of issue, defendant moved for summary judgment dismissing the complaint based upon plaintiff's failure to serve a notice of claim as required by Education Law § 3813. Plaintiff opposed the motion and cross-moved for leave to serve a late notice and an amended complaint. Supreme Court denied defendant's motion and granted plaintiff's cross motion finding, *inter alia,* that the motion for leave to serve a late notice was timely. This appeal by defendant followed.

We affirm. It is well settled that a claim is deemed to accrue for purposes of Education Law § 3813 when damages become ascertainable *(Matter of Board of Educ. [Wagner Constr. Corp.],* 37 NY2d 283, 290; *Hall-Kimbrell Envtl. Servs. v East Ramapo Cent. School Dist.,* 177 AD2d 56, 59; *Matter of City School Dist. [Tougher Indus.],* 173 AD2d 1051, 1052; *Matter of Board of Educ. [Tracy Trombley Constr. Co.],* 122 AD2d 421, 422). Although damages are usually ascertainable once the work performed is substantially complete or a detailed invoice has been submitted, the actual date upon which a contractor's damages become ascertainable necessarily depends upon the particular facts of each case *(see, G.A. Contrs. v Board of Educ.,* 176 AD2d 856, 857).

Here, pursuant to the terms of the subject contracts, final payment was due following plaintiff's completion of the work *and* the issuance of a final certificate of payment by defendant's architect; accordingly, plaintiff's damages did not become ascertainable until both of these conditions were met *(cf., Hall-Kimbrell Envtl. Servs. v East Ramapo Cent. School Dist., supra,* at 59). Although plaintiff was advised by the architect's representative on November 22, 1989 that it was unable to certify payment in full and that it was recommending that certain amounts be withheld from the final payment, there is no indication in the record when, if ever, a final certificate of payment by defendant's architect was issued. Additionally, although the check for final payment was dated December 1, 1989, it does not appear that plaintiff actually received this check until December 11, 1989. Moreover, the record reveals that there was continuing correspondence and discussion between the parties as late as December 11, 1989 regarding documentation for the amounts withheld from the final payment and other outstanding issues. Under the particular facts and circumstances presented here, we conclude that plaintiff's damages did not become ascertainable, and hence its claim did not accrue, until December 11, 1989. Accordingly, plaintiff's cross motion for leave to serve a late notice of claim

dated November 29, 1990 was timely *(see,* Education Law § 3813 [2-a], [2-b]). We find the remaining arguments advanced by defendant unpersuasive.

Mikoll, J. P., Yesawich Jr., Mahoney and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.