■ PHILSON PAINTING Co., INC., Appellant, v WILLIAM FLOYD UNION FREE SCHOOL DISTRICT et al., Respondents. [609 NYS2d 915] —In an action to recover damages, *inter alia*, for breach of contract, the plaintiff appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated April 14, 1992, as granted the motion of the defendant William Floyd Union Free School District for summary judgment dismissing the complaint insofar as it is asserted against it for failure to serve a timely notice of claim pursuant to Education Law § 3813, denied that branch of the plaintiff's cross motion which was for partial summary judgment against that defendant, and granted the cross motion of the defendant Hall-Kimbrell Environmental Services, Inc., to dismiss the complaint insofar as it is asserted against it, and (2) so much of a judgment of the same court dated June 26, 1992, as dismissed the complaint against both defendants.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the complaint as asserted against the defendant William Floyd Union Free School District, and substituting therefor a provision awarding the plaintiff judgment against that defendant in the principal sum of $126,959.50, with interest thereon from January 17,

1990; as so modified, the judgment is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an amended judgment; and it is further,

Ordered that the provision of the order which granted the motion of the defendant William Floyd Union Free School District for summary judgment dismissing the complaint insofar as it is asserted against it for failure to serve a timely notice of claim pursuant to Education Law § 3813 is vacated, the motion is denied, and the provision of the order which denied that branch of the plaintiff's cross motion which was for partial summary judgment against William Floyd Union Free School District is vacated, and that branch of the cross motion is granted; and it is further,

Ordered that the plaintiff is awarded one bill of costs, payable by the defendant William Floyd Union Free School District.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The plaintiff commenced this action in or about June 1990 alleging that the defendant William Floyd Union Free School District (hereinafter Floyd) had failed to make the payments required under a 1989 contract, inter alia, for the removal of asbestos from a school. Floyd moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that the notice of claim served by the plaintiff on March 5, 1990, was untimely under Education Law § 3813 (1). We conclude that the Supreme Court erred in granting the motion.

Pursuant to Education Law § 3813 (1), a notice of claim must be served upon the governing body of a school district within three months of its accrual. For contracts entered into before July 17, 1992, a "claim" accrued when the amount of money due was ascertained or ascertainable (see, Matter of Board of Educ. [Wager Constr. Corp.], 37 NY2d 283, 287; Bri-Den Constr. Co. v Board of Educ., 200 AD2d 605).

Here, pursuant to the terms of the subject contract, final payment was due following the plaintiff's completion of the work and the issuance of a final certificate of payment by Floyd's architect, the defendant Hall-Kimbrell Environmental

Services, Inc. (hereinafter Hall-Kimbrell); accordingly, the plaintiff's damages did not become ascertainable until both of these conditions were met *(see, Eastern Envtl. Servs. v Brunswick Cent. School Dist.,* 188 AD2d 777, 778; *see also, Wm. J. Schmitt, Inc. v Penfield Cent. School Dist.,* 54 AD2d 1100, 1101). The plaintiff completed work under the contract in September 1989 and submitted an "Application And Certificate For Payment" to Hall-Kimbrell on November 3, 1989, for the final amount of $175,949. Thereafter, Hall-Kimbrell, after making various deductions, *inter alia,* for the alleged failure of the plaintiff to complete the work on schedule, submitted its certification of the application, to the extent of $126,959.50, to Floyd on January 17, 1990.

Under the particular facts and circumstances presented here, we conclude that the plaintiff's damages did not become ascertainable, and hence its claim against Floyd did not accrue, until January 17, 1990. Therefore, its service of a notice of claim upon Floyd on March 5, 1990 was timely.

Further, the plaintiff is entitled to partial summary judgment against Floyd in the amount of $126,959.50, with interest thereon from January 17, 1990, because, in opposition to the plaintiff's showing of evidentiary facts in support of its cross motion, Floyd failed "to show facts sufficient to require a trial of any material issue of fact" with respect to this amount *(Rose Manor Corp. v Town of Islip,* 12 AD2d 649, *affd* 9 NY2d 947; *see also, S & H Bldg. Material Corp. v Riven,* 176 AD2d 715, 716-717; *Henri-Lynn Realty v Huang,* 159 AD2d 486, 486-487).

Contrary to the plaintiff's contention, the plaintiff failed to adduce evidentiary facts which would show the existence of a triable issue of material fact as to its claim for damages due to the alleged improper deductions Hall-Kimbrell had made against the final payment amount due pursuant to the plaintiff's contract with Floyd *(see, Rose Manor Corp. v Town of Islip, supra; see also, S & H Bldg. Material Corp. v Riven, supra).* Therefore, the Supreme Court properly granted summary judgment in favor of Hall-Kimbrell, dismissing the plaintiff's claim against it.

In light of the foregoing, we do not reach the plaintiff's remaining contentions. Sullivan, J. P., Miller, Joy and Friedmann, JJ., concur.