■ In the Matter of SBR ROOFING, INC., Respondent, v RICHFIELD SPRINGS CENTRAL SCHOOL DISTRICT, Appellant. [757 NYS2d 129] —Mercure, J.P. Appeal from an order of the Supreme Court (Dowd, J.), entered June 27, 2002 in Otsego County, which granted petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim.

Petitioner and respondents entered into a contract for reconstruction work on facilities owned and operated by respondents. The contract provided for petitioner to commence work on July 25, 2000 and to substantially complete the work by August 28, 2000. In August 2000, while continuing to perform work, petitioner submitted to the project architect an application for payment in the amount of $167,988.50. Citing deficiencies in the work, the architect certified payment for $65,507 in September 2000. The architect indicated that a second application for payment would be entertained after he received a written report and a laboratory analysis from an engineering firm assessing the quality of petitioner's work. A second application for payment was submitted, but respondents refused to make further payment until completion of the project. Petitioner continued working until July 6, 2001. On July 16, 2001, while petitioner waited to receive a punch list detailing final improvements to be made, the Superintendent

of Schools of respondent Richfield Springs Central School District sent petitioner a letter terminating the contract due to deficiencies in the work. Petitioner contends that respondents refused to permit it to reenter the construction site to complete the punch list.

In preparation for a breach of contract action, petitioner applied for leave to file a late notice of claim in September 2001 (*see* Education Law § 3813 [2-a]; General Municipal Law § 50-e [5]). Petitioner asserted that the claim accrued in July 2001. Petitioner requested leave to file a late notice of claim, however, in anticipation that respondents would argue that the claim accrued in September 2000, when payment was initially refused, and, thus, that the claim was untimely.* Supreme Court granted petitioner's application, finding that the claim had accrued on July 16, 2001. Respondents appeal.

We agree with Supreme Court that the claim accrued on July 16, 2001, when respondents terminated the contract. "A claim accrues when the damage has matured and becomes certain and ascertainable" (*Matter of Bader v Board of Educ. of Lansingburgh Cent. School Dist.*, 216 AD2d 708, 708 [1995] [citations omitted]; *see Eastern Envtl. Servs. of Northeast v Brunswick Cent. School Dist.*, 188 AD2d 777, 778). Prior to termination, the architect represented to petitioner that additional payment applications would be entertained once the issues arising from the allegedly nonconforming work were resolved. Petitioner then continued to perform, but respondents terminated the contract before those issues could be resolved. Thus, damages did not become certain and ascertainable until the time of termination, when it became clear that payment would be denied.

While it is simply unclear whether the notice of claim was provided to respondents within 90 days of the claim's accrual on July 16, 2001, respondents were aware of the essential facts underlying the claim and respondents make no showing of prejudice. Accordingly, Supreme Court did not err in granting petitioner's application (*see* Education Law § 3813 [2-a]; *Matter of Bader v Board of Educ. of Lansingburgh Cent. School Dist.*, supra at 708-709; *Matter of Board of Educ. of Schenevus Cent. School Dist. [Merritt Meridian Constr. Corp.]*, 210 AD2d 854, 856 [1994]). Respondents' argument that the claim should have been dismissed because petitioner failed to submit the claim to the project architect, as required before the commencement of

---

* Petitioner does not indicate, and the record does not reflect, whether the actual notice of claim was served upon respondents within 90 days of respondents' termination of the contract.

litigation, is unavailing. Respondents' termination of the contract ended "the architect's responsibility to supervise the contractor's performance and, by extension initially mediate * * * disputes" (*Matter of Liebhafsky [Comstruct Assoc.]*, 62 NY2d 439, 441 [1984]; *see Matter of Tsombikos v Brager*, 147 Misc 2d 995, 998-999 [1990]). We have considered respondents' remaining contentions and find them to be without merit.

Spain, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.