Patterson Belknap Webb & Tyler LLP v HoganWillig, PLLC (2024 NY Slip Op 05289)

Patterson Belknap Webb & Tyler LLP v HoganWillig, PLLC

2024 NY Slip Op 05289

Decided on October 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2024

Before: Oing, J.P., Singh, González, Pitt-Burke, JJ. 

Index No. . 655006/22 Appeal No. 2880 Case No. 2023-04487 

[*1]Patterson Belknap Webb & Tyler LLP, Plaintiff-Respondent,
v
HoganWillig, PLLC, Defendant-Appellant. 

Tiveron Law, PLLC, Amherst (Edward P. Yankelunas of counsel), for appellant.
Patterson Belknap Webb & Tyler LLP, New York (David S. Kleban of counsel), for respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered July 27, 2023, which denied defendant's motion to dismiss the complaint, unanimously modified, on the law, to dismiss the first cause of action insofar as it relies on former Debtor and Creditor Law §§ 273 and 274 (repealed by L 2019, ch 580, § 2), and otherwise affirmed, without costs.
In 2008 and 2009, plaintiff rendered legal services to nonparty Barbara Stewart. Stewart did not pay for the services, and plaintiff sued her for nonpayment. In 2013, plaintiff obtained a judgment against Stewart for the unpaid fees in the amount of just over $2 million. Around this time, Stewart was going through a divorce in which she was awarded, among other things, a Bermuda estate, as well as jewelry worth $8.5 million. After judgment was entered, plaintiff served Stewart with a restraining notice and also took discovery regarding her assets. At her deposition, Stewart testified that her former daughter-in-law had taken the jewelry and certain other asserts now belonged to others. Thus, she asserted, the only asset available to plaintiff was the Bermuda estate. A few months after the deposition, Stewart had her then counsel arrange the sale of a 24-carat diamond ring for her, which yielded millions of dollars. Stewart later entered into a retainer agreement with defendant, a law firm; the agreement provided that defendant would receive a retainer of $625,000 against future fees. In December 2017, defendant received the $625,000 retainer, which exhausted the funds from the ring sale.
Plaintiff adequately pleaded that the conveyance at issue was not for fair consideration, as future legal services constituted the consideration for the $625,000 retainer paid to defendant, and a promise of future services is not fair consideration for a present conveyance (see Kleinfeld v Pedersen, 116 AD2d 970, 971 [4th Dept 1986]). Defendant's billing ledgers do not conclusively refute plaintiff's allegations. We also decline to create a special exception for the legal profession (cf. Knopf v Meister, Seelig & Fein, LLP, 2017 WL 1449511, *6, 2017 US Dist LEXIS 59106, *16-18 [SD NY Apr. 18, 2017, No. 15cv5090 (DLC)], affd 721 Fed Appx 96 [2d Cir 2018]).
Plaintiff also pleaded sufficient "badges of fraud" to support a finding of fraudulent intent on Stewart's part (see Wall St. Assoc. v Brodsky, 257 AD2d 526, 529 [1st Dept 1999]). Stewart lied at her deposition and arranged a private, quick sale of an asset that she had concealed (the diamond ring); $625,000 of the proceeds from the sale was then moved into counsel's operating account, which was outside of Stewart's control.
In addition, plaintiff neither waived its claim nor ratified the conveyance. Plaintiff sought only the proceeds from the sale of the diamond ring, not possession of any of the particular pieces of jewelry at issue in litigation between Stewart and her former daughter-in-law (see Patterson Belknap Webb & Tyler LLP v Marcus & Cinelli LLP, [*2]227 AD3d 505, 507 [1st Dept 2024]). Defendant cites no authority to support its argument that plaintiff must first acquire a lien in order to pursue claims under the Debtor and Creditor Law.
However, Supreme Court should have dismissed so much of the first cause of action as rested on Debtor and Creditor Law §§ 273 and 274. The complaint's allegations of insolvency and inadequate capitalization are too conclusory to support fraudulent conveyance claims under those sections of the Debtor and Creditor Law, as plaintiff's allegations regarding Stewart's insolvency are insufficient and speculative (see Eagle Eye Collection Corp. v Shariff, 190 AD3d 600, 602 [1st Dept 2021]). Among other deficiencies, the complaint contains no allegations about the "present fair salable value" of Stewart's Bermuda estate (Debtor and Creditor Law § 271[1]) or about her financial condition in December 2017, the date of the transfer.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2024